# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RODRICK L. BOYCE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 06-CV-1050-MJR ) |
| UNITED STATES OF AMERICA, | ) ) |
| Defendant. | ) |

## MEMORANDUM and ORDER

**REAGAN, District Judge:**

On October 20, 2006, Boyce filed a small claims action against Glenn Parker, DDS and Community Health Center (CHC) in the Circuit Court of Alexander County, Illinois alleging Defendants' negligence in performing Plaintiff's oral surgery (Doc. 2-3). The Defendants removed the case pursuant to 42 U.S.C. § 233 (Doc. 2) and the United States was substituted for both Defendants (Docs. 7 & 15). The case is currently set for trial on April 28, 2008.

On November 13, 2007, the United States moved this Court to dismiss Boyce's complaint for lack of subject matter jurisdiction pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)** (Doc. 16). Specifically, the United States argues that Boyce has failed to exhaust administrative remedies, as required by the Federal Tort Claims Act. In support of its motion, the United States provided an affidavit from Richard Bergeron, a Senior Attorney with the Department of Health and Human Services (Doc. 16-2). Therein, Bergeron states that there is no record that Boyce filed an administrative tort claim against Parker or CHC.

On November 15, 2007, the Court ordered Boyce to respond to the motion to dismiss by December 17, 2007 (Doc. 18). Boyce failed to do so, and on March 31, 2008, the Court directly ordered Boyce to file a response to the motion to dismiss by April 11, 2008 showing that this Court

has subject matter jurisdiction. The Order also stated that failure to submit a response would result in dismissal of the action. That date has passed, and Boyce has not filed a response.

**28 U.S.C. § 2675(a)** provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

Boyce has not contested the United States's assertion that he has failed to exhaust administrative remedies as required by the Federal Tort Claims Act. Consequently, this Court finds that it lacks subject matter jurisdiction over Boyce's tort claim for negligence.

Accordingly, the Court **GRANTS** the United States's motion to dismiss (Doc. 16) and **DISMISSES** this action **without prejudice**. Due to the dismissal, the Court **CANCELS** all settings herein, including the April 18, 2008 Final Pre-Trial Conference and the April 28, 2008 Bench Trial.

**IT IS SO ORDERED.**

**DATED this 15th day of April 2008.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**